**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10175 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00084-LEK-2 |
| v. | |
| CHERIE ROER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted March 14, 2023**

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Cherie Roer appeals from the district court's judgment and challenges two

conditions of supervised release imposed following her guilty-plea conviction for

drug offenses.  We have jurisdiction under 28 U.S.C. § 1291.  We review for plain

error, *see United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012), and we

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm in part, vacate in part, and remand.

Roer first challenges the special condition requiring her to participate in a mental health assessment. Although Roer has made commendable rehabilitative efforts, it is apparent that the district court adopted probation's recommendation to impose the challenged condition in light of Roer's history of mental health issues. *See id.* at 1090 (district court need not state its reasons for imposing a supervised released condition when the reasoning is apparent from the record). Moreover, the condition is proper because it is reasonably related to her rehabilitation and does not involve a greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d); *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003).

Roer also challenges standard condition eight, which prohibits Roer from interacting with known felons without prior approval, because it implicates her right to associate with her husband. As the government concedes, the district court plainly erred by failing to explain its reasons for imposing this condition. *See Wolf Child*, 699 F.3d at 1090-92 (describing enhanced procedural requirements the court must follow when imposing a condition that restricts a defendant's particularly significant liberty interest in familial association). Accordingly, we vacate the condition and remand for the court to exempt Roer's husband or make the requisite findings as why it should apply to him. *See id*. at 1103.

**AFFIRMED in part; VACATED in part; and REMANDED.**